**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

ARTURO PATINO,

    Petitioner,

v.                                  Case No. 2:04-cv-272-FtM-99-DNF

JAMES V. CROSBY, JR.,
CHARLIE CRIST,

    Respondents.
_____/

**O R D E R**

This matter comes before the Court upon review of Petitioner's Request for a Certificate of Appealability (Doc. #41, hereinafter "COA") and motion for leave to proceed *in forma pauperis* on appeal (Doc. #40), filed March 15, 2009. Petitioner seeks to appeal this Court's February 18, 2009 Opinion and Order (hereinafter "Order") denying Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. While the issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to satisfy the requirement. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336.

Petitioner raises several arguments in his certificate of appealability and the Court will address each one in turn. Petitioner first argues that the Court "erroneously combined issues raised by Petitioner in his R. 3.850 motion . . . along with an issue raised by Petitioner in his R. 9140(j) petition . . . involving same suppression hearing but distinct issue." COA at 2. The first ground of relief in the Amended Petition alleged trial court error based on the trial court's decision at a suppression hearing. The suppression hearing involved a pre-trial interrogation, in which Petitioner gave inculpatory statements.

See Order at 12. Contrary to Petitioner's assertions, the Court did not "erroneously combine" any issues raised by Petitioner in ground one. See Id. at 12-16.

With regard to ground two, Petitioner argues that the Court "thought that defense counsel objected" when defense remained silent while the trial judge insisted on the jury instructions. COA at 6. The Court in addressing ground two, in fact, quoted from the Petitioner's Amended Petition. Order at 16-17. Petitioner specifically alleged in the Amended Petition that defense counsel "properly objected," but the trial court interfered. See Amended Petition at 11.

On ground three, Petitioner acknowledges that he did not exhaust his state remedies regarding his claim about juror Moreno, but argues that the Court should have addressed the claim. In finding this ground unexhausted and procedurally barred, the Court cited to the trial court's order denying Petitioner's motion to amend to include this ground as untimely. On ground four, Petitioner says he never had a "fair and full evidentiary hearing" at the state court level. Id. at 7. The Court refers to Respondent's exhibits attached at document numbers 10 and 23 for the related trial court order and evidentiary hearing. Accordingly, the Court finds Petitioner has not made the requisite showing for the issuance of the COA.

**ACCORDINGLY**, it is now **ORDERED and ADJUDGED**:

1. Petitioner's Application for Certificate of Appealability (Doc. #41) is **DENIED**.

2. Petitioner's motion for leave to proceed *in forma pauperis* on appeal (Doc. #40) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on April 9, 2009.

   s/*Richard A. Lazzara*
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

<u>**COPIES FURNISHED TO**</u>:
All Parties of Record

SA: alj